IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORLANDO ROSA, et al., )
)
        Plaintiffs, )
)
  v. ) No. 12 C 1765
)
AMERICAN FAMILY LIFE ASSURANCE )
COMPANY OF COLUMBUS GEORGIA, )
)
        Defendant. )

## MEMORANDUM ORDER

At the end of last week American Family Life Assurance Company of Columbus Georgia ("AFLAC") filed a Notice of Removal ("Notice") to bring this action by Orlando and Marie Rosa (collectively "Rosas") from its place of origin in the Circuit Court of Cook County to this District Court, purporting to ground federal subject matter jurisdiction in diversity of citizenship terms. Because AFLAC's counsel has totally misread the Illinois statute on which the Notice seeks to rely, this Court sua sponte remands this action to the Circuit Court for lack of the required subject matter jurisdiction.

Rosas filed this action as a Complaint for Declaratory Judgment, with Complaint Counts I and II alleging damages of $15,000 or $20,000.[1] Notice ¶5 asserts that the damages claim

---

[1] Some ambiguity in that respect is created by the allegation that Marie Rosa allegedly suffered "Paralysis" as well as sustaining a "Coma," both as defined in AFLAC's policy. Under that policy the existence of a Coma provides a $10,000 benefit, while the existence of Paralysis may call for either a $10,000 benefit in the case of quadriplegia (the paralysis of four limbs)

seeks the larger $20,000 figure, but whether that is correct need not be explored further because the main ad damnum on which AFLAC's counsel relies to go past the over-$75,000 jurisdictional floor is set out in Notice ¶5:

> In Count III the Plaintiffs seek recovery of $60,000, pursuant to statute, and costs and attorney's fees in addition.

But that is not at all what the statute identified in Complaint Count III--215 ILCS 5/155 ("Section 155")--provides. As anyone who represents (or who has sued) an insurance company in Illinois ought to know, Section 155 provides that an insurer's "vexatious and unreasonable" delay in settling a claim permits the "allow[ance] as part of the taxable costs in the action reasonable attorney fees" together with "an amount not to exceed any one" (emphasis added) of three figures (quoted verbatim from Section 155):

> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

---

or a $5,000 benefit in the case of paraplegia (the paralysis of lower limbs). Complaint ¶17 alleges only that the claimed surgical accident to Marie Rosa "resulted in complete loss of use of two or more limbs," so that which of those two alternatives applies is unclear.

2

Here AFLAC's attorney has impermissibly selected alternative (b)--but based on Rosas' Complaint the base amount that Rosas are "entitled to recover against the company" is $15,000 or $20,000, so that alternative (a) sets a ceiling of $9,000 or $12,000 (60% of the potential recovery) as a potential add-on to the $15,000 or $20,000 in damages. As already indicated, that total of $24,000 or $32,000 is potentially amplified under Section 155 by the allowance of "reasonable attorney fees," but in this circuit such fees must be calculated as of the date the state court Complaint was filed and <u>not</u> at some greater amount that may be incurred in the future (<u>Gardynski-Leschuk v. Ford Motor Co.</u>, 142 F.3d 955, 958-59 (7th Cir. 1998)). Hence the total amount in controversy unquestionably flunks the 28 U.S.C. §1332(a) standard.

In sum, the bottom line is that Rosas' lawsuit does not even come close to approaching the over-$75,000 amount in controversy required for removal. That being the case, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), and remand is mandated under that last-cited statute. It is hereby ordered that the certified copy of the order of remand shall be mailed by this District Court's Clerk to the Clerk of the Circuit

Court of Cook County forthwith.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: March 14, 2012